LAW OFFICES OF CRAIG DAVIS
Craig Davis (SBN 268194)
cdavis@craigdavislaw.com
524 Union Street, Suite 358
San Francisco, CA 94133-3314
Telephone:    415.857.5820
Facsimile:    415.795.4595

Attorney for Plaintiff
John Doe

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN DOE,<br><br>            Plaintiff,<br><br>    v.<br><br>KROLL BACKGROUND AMERICA, INC. and DOES 1-10,<br><br>            Defendant. | CASE NO.  3:14-cv-815<br><br>COMPLAINT FOR DAMAGES FOR VIOLATIONS OF:<br><br>1.    15 U.S.C. § 1681e(b)<br>2.    Cal. Civ. Code § 1786.20(b)<br>3.    Cal. Civ. Code § 1786.28(b)<br><br>JURY TRIAL DEMANDED |

Plaintiff John Doe, based on information and belief, alleges as follows:

**PARTIES**

1. Plaintiff John Doe is an individual and at all relevant times mentioned herein was a resident of Alameda County.

2. Plaintiff is informed and believes and on that basis alleges that Defendant Kroll Background America, Inc. ("Kroll" or "Defendant") is and at all times mentioned herein was a corporation organized and existing under the laws of the State of Tennessee and doing business in California.

3. Plaintiff is ignorant of the true names and capacities of the defendants sued herein as DOES 1-10, inclusive, and therefore sues these defendants by these fictitious names. Plaintiff is informed and believes and on that basis alleges that each of these fictitiously-named defendants contributed to and is liable for the injuries to Plaintiff that are alleged in this Complaint.

4. Plaintiff is informed and believes and on that basis alleges that, at all times herein mentioned, Defendants DOES 1-10 were agents of each other and of the named Defendant and, in doing the things alleged in this complaint, were acting in the scope of such agency and with the permission and consent of the Defendant.

**JURISDICTION AND VENUE**

5. Jurisdiction and venue are proper in this Court pursuant to 28 U.S.C. § 1331, 1367, and 1391.

**LEGAL BACKGROUND**

6. Criminal background check reports about California consumers are subject to the reporting rules and standards of three statutes: the federal Fair Credit Reporting Act ("FCRA") (15 U.S.C. § 1681 *et seq.*), the Investigative Consumer Reporting Agencies Act ("ICRAA") (Cal. Civ. Code, § 1786 *et seq.*), and the Consumer Credit Reporting Agencies Act ("CCRAA") (Cal. Civ. Code § 1785.1 *et seq.*).

7. California's ICRAA and CCRAA are modeled after the FCRA, and share FCRA's stated purpose of ensuring that consumer reporting agencies "exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy." 15

U.S.C. § 1681(a)(4); Cal. Civ. Code § 1786(b); Cal. Civ. Code § 1785.1(c).  Together, these three statutes regulate consumer reporting agencies to ensure that they "adopt reasonable procedures for meeting the needs of commerce . . . in a manner that is fair and equitable to the consumer." 15 U.S.C. § 1681; Cal. Civ. Code § 1786; Cal. Civ. Code § 1785.1.

8.   The FCRA defines a "consumer reporting agency" as "any person which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports." 15 U.S.C. § 1681a(e).

9.   The FCRA defines a "consumer report" as "any written, oral, or other communication of any information by a consumer reporting agency bearing on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in establishing the consumer's eligibility for . . . employment purposes." 15 U.S.C. § 1681a(d)(1).

10.  The ICRAA governs investigative consumer reporting agencies, which are defined as "any person who, for monetary fees or dues, engages in whole or in part in the practice of collecting, assembling, evaluating, compiling, reporting, transmitting, transferring, or communicating information concerning consumers for the purposes of furnishing investigative consumer reports to third parties," except for government agencies or insurance-related companies. Cal. Civ. Code § 1786.2(d).

11.  The ICRAA defines a "consumer" (in relevant part) as "a natural individual who has made application to a person for employment purposes . . ." Cal. Civ. Code § 1786.2(b).

12.  The ICRAA defines an "investigative consumer report" (in relevant part) as a "consumer report in which information on a consumer's character, general reputation, personal characteristics, or mode of living is obtained through any means." Cal. Civ. Code § 1786.2(c).

13. A criminal background check report that is to be used for "employment purposes" thus meets the definition of an "investigative consumer report" and is subject to the requirements of the ICRAA. Cal. Civ. Code §§ 1786.2(b), (c), 1786.18(a)(7).

14. Both the FCRA and the ICRAA require consumer reporting agencies to "follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e; Cal. Civ. Code § 1786.20(b).

15. When issuing a criminal background check report for employment purposes, the ICRAA requires that investigative consumer reporting agencies "shall in addition maintain strict procedures designed to insure that whenever public record information which is likely to have an adverse effect on a consumer's ability to obtain employment is reported it is complete and up to date." Cal. Civ. Code § 1786.28(b).

16. Any person who willfully fails to comply with any requirement imposed under the FCRA is liable for any actual damages sustained by the consumer as a result of such failure, or damages of not less than $100 and not more than $1,000; such amount of punitive damages as the court may allow; as well as reasonable attorneys' fees and costs of suit for the prevailing consumer. 15 U.S.C. § 1681n.

17. An investigative consumer reporting agency that fails to comply with any requirement of the ICRAA is liable for the greater of $10,000 per violation, or actual damages sustained by the subject of the report, as well as reasonable attorneys' fees and costs of suit for the prevailing consumer. If an investigative consumer reporting agency's violations are grossly negligent or willful, the agency may be liable for punitive damages. Cal. Civ. Code § 1786.50.

**FACTUAL ALLEGATIONS**

18. Kroll is both a "consumer reporting agency" under the FCRA and an "investigative reporting agency" under the ICRAA because it regularly provides to third parties, for a fee, criminal background check reports about California consumers that are to be used for employment purposes.

///

///

19. A criminal background check report that is to be used for employment purposes meets the definition of both a "consumer report" under the FCRA and an "investigative consumer report" under the ICRAA.[1]

20. In February 2012, Kroll received a request from its customer, TEKSystems, Inc. to prepare a consumer report regarding Doe.

21. On February 23, 2012, Kroll provided to TEKSystems a consumer report that incorrectly reported Doe was convicted of a misdemeanor in Alameda County, California.

22. Doe was removed from his contract position through TEKSystems as a direct result of the incorrect criminal records information in Kroll's consumer report.

23. This incorrect consumer report caused Doe to sustain damages, including lost wages, injury to reputation, and mental anguish and embarrassment.

**FIRST CAUSE OF ACTION**

**(Violation of 15 U.S.C. § 1681e(b))**

24. Doe hereby incorporates by reference the preceding paragraphs.

25. Kroll does not maintain and/or follow reasonable procedures to assure maximum possible accuracy of the public records information in its consumer reports.

26. Kroll's violation was willful in that it recklessly disregarded its statutory duties.

27. Kroll's violation entitles Doe to damages including, but not limited to, the actual harms suffered by Doe as a direct legal, proximate, and foreseeable result of Kroll's violation, or statutory damages, and punitive damages.

**SECOND CAUSE OF ACTION**

**(Violation of California Civil Code § 1786.20(b))**

28. Doe hereby incorporates by reference the preceding paragraphs.

29. Kroll does not maintain and/or follow reasonable procedures to assure maximum possible accuracy of the public records information in its consumer reports.

30. Kroll's violation was willful and/or grossly negligent.

---

[1] For convenience, this complaint refers to both of these as a "consumer report."

31.     Kroll's violation entitles Doe to damages including, but not limited to, the actual harms suffered by Doe as a direct legal, proximate, and foreseeable result of Kroll's violation, or statutory damages of $10,000 for each violation, and punitive damages.

## THIRD CAUSE OF ACTION

### (Violation of California Civil Code § 1786.28(b))

32.     Doe hereby incorporates by reference the preceding paragraphs.

33.     Kroll has not, and does not, maintain and/or follow strict procedures designed to ensure that whenever public record information that is likely to have an adverse effect on a consumer's ability to obtain employment is reported, it is complete and up to date.

34.     Kroll's violation was willful and/or grossly negligent.

35.     Kroll's violation entitles Doe to damages including, but not limited to, the actual harms suffered by Doe as a direct legal, proximate, and foreseeable result of Kroll's violation, or statutory damages of $10,000 for each violation, and punitive damages.

WHEREFORE, Plaintiff prays judgment against Kroll as follows:

1. For statutory damages of $10,000 for violations of the ICRAA, or $1,000 for violations of the FCRA, or a sum of damages to be proven at trial, whichever is greatest;
2. For punitive damages;
3. For costs of suit herein incurred;
4. For reasonable attorneys' fees;
5. For interest as allowed by law; and
6. For such other and further relief as the Court may deem proper.

Dated: February 22, 2014                             Respectfully submitted,

*/s/ Craig Davis*
Craig Davis
LAW OFFICES OF CRAIG DAVIS